Herman Franck, Esq. (SB #123476)
Elizabeth Betowski, Esq. (SB #245772)
**FRANCK & ASSOCIATES**
910 Florin Road, Suite 212
Sacramento, CA 95831
Tel. (916) 447-8400; Fax (916) 447-0720

Attorneys for Plaintiff Baoyu Liu et al.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAOYU LIU, individually and as a representative of the Class of Persons Similarly Situated;<br><br>        Plaintiffs,<br><br>        v.<br><br>CALIFORNIA MASSAGE THERAPY COUNCIL; MARK W. DIXON; GAVIN NEWSOM as Governor of the State of California<br><br>        Defendants | Case No. 19-cv-_____<br><br>**INDIVIDUAL AND CLASS ACTION COMPLAINT FOR**<br>1. **VIOLATION OF THE UNRUH ACT, CAL. CIVIL CODE SECTION 51;**<br>2. **VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200;**<br>3. **VIOLATION OF FEDERAL CIVIL RIGHTS ACT, 42 USC SECTION 1983;**<br>4. **VIOLATION OF SECTION 1 OF THE SHERMAN ACT, 15 USC SECTION 1 [UNLAWFUL RESTRAINT OF TRADE]**<br>5. **VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 16720**<br><br>**REQUEST FOR DAMAGES; EXEMPLARY DAMAGES; STATUTORY REMEDIES; INJUNCTIVE RELIEF; EQUITABLE RESTITUTION; ATTORNEYS FEES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Baoyu Liu ["Liu"] herewith submit this Complaint for Violation of California's Unruh

Act, California Civil Code section 51; Violation of Business & Professions Code section 17200;

1

*Liu v. California et al..*
Complaint

Violation of the Federal Civil Rights Act, 42 USC section 1983; Violation of Section 1 of the Sherman Anti-Trust Act [15 USC section 1]; and Violation of Business & Professions Code section 16720, and alleges and states as follows.

## I.
## SUMMARY OF COMPLAINT

1. Plaintiff Liu is lawful resident of the USA, and has up and through to the present, and continuing, been prohibited by defendant Federation of State Massage Therapy Board ["FSMTB"/ "Federation"] from taking the MBLEx in California.

2. Plaintiffs and class members are non-English speaking Chinese previously or currently legally residing in the State of California, who are prohibited by an expressly stated policy to forbid people who do not speak English or Spanish from taking the MBLEx examination, and thereby from ever becoming a licensed massage therapist.

3. The irony of this English/Spanish-only attitude and policy is that in fact it was of course the Chinese who first wrote the book on massage therapy dating back to 2700 BCE. The first known Chinese text is called "The Yellow Emperor's Classic Book of Internal Medicine." Its analogous to a USA car licensing system telling a German car maker that you can't just speak German.

4.  Liu, and the other class members are prohibited from taking MBLEx because they are not English or Spanish speakers. They speak Chinese [Mandarin], and the MBLEx is not offered in Chinese/Mandarin.

5.  Liu was in fact turned away on December 22, 2015, due to her inability to speak English or Spanish. She has since not been able to sit for, and pass, the MBLEx.

6.  Under California State Law, there is an agency created to regulate the process of licensing massage therapist and massage therapist schools. It is called the California Massage Therapy Council ["CAMTC"]. See its website at www.camtc.org/. Its Chair is Mark W. Dixon.

7.  California is a member of a federal-like organization called Federation of State Massage Therapy Boards ["The Federation"]. See www.fsmtb.org.

8.  The Federation owns and operates a massage therapy license examination called the MBLEx. In California, if you want a massage therapy license in most counties (but not all, it's up to each county), you have to pass the MBLEx.

9.  The MBLEx is given in English and Spanish.

10. Chinese language test takers such as plaintiff and class members who do not speak English or Spanish are subject to actual and continuing harm and injury because this "no

*Liu v. California et al..*
Complaint

Chinese language exam" situation is barring them from taking the exam and passing the exam, and thus preventing them from their chosen profession of massage therapist.

11. At all relevant times, neither defendant CAMTC, its Chair Mark W. Dixon, nor Governor Gavin Newsom have requested or otherwise sought permission from the FSMTB to have the MBLEx translated into Mandarin Chinese. They were able to do so, but did not.

12. The State of California, by and through the California Massage Therapy Council was at all times relevant in a position to ask the FSMTB to provide a Chinese language version of the MBLEx to applicants who wished to take the exam in that language. The member states of the FSMTB [such as California] have the prerogative to ask for such accommodations. This process is seen in the example of Puerto Rico, which massage therapy board asked the FSMTB to allow a Spanish-language version of the MBLEx to be administered, which the FSMTB agreed to.

13. The direct testimony from the Federation's executive director, Debra Persinger, PhD was taken on November 29, 2018, and states the following at Page 34, line 21-page 35, line 11 regarding why test-takers need to be able to speak English:

"Q. Why do you not have a Chinese version?

A. There's no jurisdiction requiring the exam to be offered in Chinese, and again, it would come back to a public safety issue that a licensed health care practitioner needs to be able to communicate with other health care practitioners and first responders. So for example, if somebody codes on the table, they need to be able to understand in English to call 911 and explain that somebody is in -- their life is in jeopardy. So for certification,

4

*Liu v. California et al..*
Complaint

it's different. I did give the acupuncture exam in Chinese and Korean and Japanese. For licensing, it -- again, the crux of it comes back to public protection, consumer safety. And so the practitioner needs to have competence to work in a health care environment for the safety and wellbeing of the consumer."

14. See also deposition of Debra Persinger, Page 37, line 4 – 23: Reasons why there is no Chinese language version: no one ever asked for it

"Q. So the -- as was the case in the Spanish version, it came from a state -- a territory, Puerto Rico; right?

A. Yes.

Q. And then it's offered up everywhere. As far as you know -- I mean, you offer it up. It's up to a state to accept it?

A. That's correct.

Q. And are you telling me no state has ever come to you saying "We think it should be in Chinese also"?

A. That's correct.

Q. So the result is it's not in Chinese?

A. That's correct.

Q. And there's no plan to have it in Chinese?

A. Correct.

Q. So if you're a Chinese person and you are in a state that requires MBLEx, you can't get it in Chinese, can you?

A. No. Because the MBLEx is not offered in Chinese."

5

*Liu v. California et al..*
Complaint

15. The forgoing deposition admissions by the defendant's Executive Director confirm that the Federation is indeed guilty of practicing an illegal form of language discrimination.

16. This stated purpose behind the "no Chinese language MBLEx" is in fact a false statement, a pretextual statement hiding the true and real reason of market exclusion of Chinese people from the lucrative profession and occupation of licensed massage therapist in the state of California. For this reason, this complaint asserts anti-trust claims and discrimination claims.

## II.
## JURISDICTION AND VENUE

17. This Court has jurisdiction over this action based on diversity jurisdiction, pursuant to 28 USC section 1332. Plaintiff Liu is a former resident of the state of California, and is now residing in New Mexico, and the amount in controversy exceeds $75,000. Defendant CAMTC is a corporate entity with its headquarters in Sacramento, CA.

18. The Court has federal question jurisdiction over plaintiff's Federal Civil Rights Act and Sherman Act claims, pursuant to 28 USC section 1331.

19. The Court further has a special jurisdictional grant afforded to cases arising under the Federal Anti-Trust laws, and as specified in 28 U.S.C. Section 1337 and as further specified in 15 USC section 4.

*Liu v. California et al..*
Complaint

6

20. Jurisdiction over Federal Civil rights Claims is further based on the special jurisdictional grant afforded to actions arising under the Federal Civil Rights Act. See 42 USC section 42 USC section 1988(b).

21. The Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

22. Venue is proper in this District under 28 U.S.C. § 1391(b) because the hequarters of defendant California Massage Therapy Council are located in Sacramento, California; and Governor Gavin Newsom has his office in Sacramento, CAlifornia. Plaintiff and other similarly-situated persons undertook their massage therapy training in California, with the specific plan to obtain massage therapy licensure in California, where there is a lucrative and ever-expanding market and substantial economic upturn in the demand for massage therapy services. The CAMTC, and by extension the State of California failed to ask the FSMTB to provide the MBLEx in Mandarin Chinese.

23. Plaintiff submitted a timely Notice of Claim to the State of California, which was rejected by the State of California on March 28, 2019.

### III.
### PARTIES

24. Plaintiff BAOYU LIU ["Liu"] is an individual residing in Austin, Texas, and sues on behalf of herself and on behalf of a class of others similarly situated. Liu previously resided in Los Angeles County, California.

7

*Liu v. California et al..*
Complaint

25. Defendant CALIFORNIA MASSAGE THERAPY COUNCIL ["CAMTC"] is being sued herein based on its custom and policy of discriminating against non-English-speaking Chinese massage therapist license test takers and would be test takers, with the intent of excluding them from the massage therapist licensed profession in the state of California. The CAMTC was at all times acting under color of state law as it is expressly empowered by California State law to oversee the massage license process in the state of California, including such governmental powers as approving massage therapy schools, approving massage therapy license requirements, and requiring (for some counties) that massage therapists pass the MBLEX exam.

26. Defendant MARK W. DIXON ["Dixon"] is the Chairperson of the CAMTC. Mark W. Dixon is sued in his individual and personal capacity for his acts under the color of state law. He was at all times acting under color of state law and was also expressly empowered by California State law to oversee the massage license process in the state of California, including such governmental powers as approving massage therapy schools, approving massage therapy license requirements, and requiring (for some counties) that massage therapists pass the MBLEX exam.

27. Defendant GAVIN NEWSOM ["Newsom"] is sued herein pursuant to the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908). No form of monetary judgment is requested as to Gavin Newsom, because of US Constitution's 11th Amendment State Sovereign Immunity Clause. Our sole relief as to Gavin Newsom is that he be given an affirmative injunction requiring him to send a request to the Federation to have the MBLEX examination offered in the Mandarin Chinese language, or such other injunctive relief as this court deems just and appropriate. Governor Newsom is a defendant in the Third Claim for Relief of Violation of the Federal Civil Rights Act.

## IV.
## CLASS ACTION ALLEGATIONS

28. NUMEROSITY: The numerosity requirement for a class action can easily be shown to

exist, by the following summary of facts:

29. *World Journal* is a Chinese-American newspaper that includes advertising over all

sectors of products and services, including massage therapy schools, and massage

test/MBLEx training programs. The test training centers in LA listed in *World Journal*

publicly advertised that they had the questions and answers for the MBLEx examination

translated from English into Mandarin Chinese, and provided an MBLEx raining program

based on the translated questions and answers.

30. Some of the ads the use of the MBLEx questions and answers were shown in the

photographs in the ad.

31. Because of these ads, it is clear that quite a few training centers publicly advertised the

use of MBLEx questions and answers, which they had translated into Mandarin Chinese

as a basis for their MBLEx test preparation service.

32. There are approximately 30 such Chinese-language-based test preparation services in the

Los Angeles area. They still to this day regularly publicize the use of MBLEx questions

and answers in their test prep programs. These schools are set up by Chinese-English

massage therapist experts and entrepreneurs to solve and combat the problem faced by

non-English-speaking Chinese persons in the Los Angeles, California area. They operate

9

MBLEx test preparation services based on the translations of the English questions and answers on the MBLEx examination, translated into Mandarin Chinese. The translation system includes an interconnection between a substantial database of massage therapy questions and answers translated from English to Mandarin Chinese connected to, and accessible by, students in a social medial platform called WeChat.

33. The FSMTB has criticized this form of teaching as cheating, and based on rote memory. In reality, the Chinese persons taking this exam are extremely knowledgeable experts, who are further capable of memorizing Chinese translations of English words. The Chinese language test takers are able to pass the exam with passage rates in the 80-90[th] percentile using this system.

34. There are two distinct categories of class members:

35. Category one: Each test preparation center typically has thousands of non-English/non-Spanish speaking Chinese students/test takers per year. A reasonable estimate of the numbers of class member in his category is formed by using an average of 1000 students per school timed 30 schools = 30,000 MBLEx non-English/non-Spanish speaking Chinese-speaking persons per year in Los Angeles County, California. These test takers are in the category of individuals who, notwithstanding the language discrimination facing them, still found a way to prepare for, take, and pass the examination in English.

36. Second Class: There is a far larger group of non-English/non-Spanish speaking Chinese persons who have chosen a career and occupation as a licensed massaged therapist in the

10

*Liu v. California et al.,*
Complaint

state of California, but have not attempted to take the MBLEx because they believe any

such attempt to pass the exam in English or Spanish is doomed to failure. Plaintiff does

not have an estimate of the total number of persons in this category, but believes that

people who actually do take the exam represent the "tip of the ice berg" of test takes, the

top of a large base of hundreds of thousands of non-English/non-Spanish speaking

Chinese MBLEx test takers in Los Angeles County per year.

37. According to the 2010 census, there were 1,349,111 Chinese persons living in California.

38. Also, Pew Research Center has published the following data for Chinese in California

metropolitan areas in 2015 [http://www.pewsocialtrends.org/fact-sheet/asian-americans-

chinese-in-the-u-s/]:

Los Angeles: 604,000

San Francisco: 519,000

San Jose: 194,000

The forgoing data does not answer the question of how large is category 2 (those who

would like to but didn't take the MBLEX exam), but it does suggest the size of category 2

is probably in the multi hundreds of thousands.

39. COMMMONALITY: Class members share a common overlay of legal issues and fact

issues that make proceeding as a class action judicially expedient. The following

common legal issues from all class members are presented:

    a.  Whether defendants' past and current policy of prohibiting non-English/non-

        Spanish speaking Chinese persons from taking the MBLEx exam in the state of

11

*Liu v. California et al.*.
Complaint

California violates the express language discrimination prohibitions set forth in California's Unruh Act, Civil Code section 51, which provides in relevant part: "(b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

b.   Whether defendants' past and current policy of prohibiting non-English/non-Spanish speaking Chinese persons from taking the MBLEx exam in the state of California violates California's Business & Professions Code section 17200's prohibition on unlawful or unfair business practices. Section 17200 provides: "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

c.   Whether defendants' past and current policy of prohibiting non-English/non-Spanish speaking Chinese persons from taking the MBLEx exam in the state of California violates the Federal Civil Rights Acts, 42 USC section 1983, which provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

12

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

d.   Whether defendants' past and current policy of prohibiting non-English/non-Spanish speaking Chinese persons from taking the MBLEx exam in the state of California violates Section 1 of the Sherman Act, 15 USC, section 1, which provides:

"Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several Nevertheless, or with foreign nations, is declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court."

e.   Whether defendants' past and current policy of prohibiting non-English/non-Spanish speaking Chinese persons from taking the MBLEx exam in the state of California violates Business & Professions Code section 16720, which provides in pertinent part:

13

*Liu v. California et al..*
Complaint

"A trust is a combination of capital, skill or acts by two or more persons for any of the following purposes:

(a) To create or carry out restrictions in trade or commerce."

f.   Legal issues arising from any affirmative defenses asserted by defendants, depending on what those affirmative defenses are. Defendants may answer some form of government immunity; statutory immunity; qualified immunity; or other affirmative defenses asserted against all class members.

40. The following common fact issues exist as to all class members:

a.   Whether defendants' language discrimination was done willfully and intentionally;

b.   Whether defendants' language discrimination was done with deliberate indifference and conscious disregard to claimants' civil and economic rights.

c.   Whether any denial of facts by defendant FSMTB to the core allegations of language discrimination and market exclusion are provable or not.

d.   Whether defendants' language discrimination was done with the actual intent of excluding non-English/non-Spanish speaking Chinse persons from entering into the profession and occupation of licensed massage therapists.

41. TYPICALITY: Plaintiff BAOYU LIU is an individual residing in Austin, Texas, and sues on behalf of herself and on behalf of a class of others similarly situated. Plaintiff is a typical class member because she personally chose the career and occupation as a

14

*Liu v. California et al..*
Complaint

licensed massage therapist in the Los Angeles, California area, and was prohibited from doing so because she does not speak English or Spanish fluently.

42. Plaintiff as class representative will fairly and adequately protect the interests of the class. Plaintiff has already assembled a team of professional attorneys, current counsel Herman Franck, Franck & Associates. Mr. Franck is counsel in another action against his other client Tesla Mendez and Jorge Mendez. The case is entitled *Federation of State Massage Therapy Boards, v. Mendez Master Training Center, Inc. et al.,* United States District Court, Southern District of Texas, Case No. 4:17-cv-02936. In that case, Mr. Franck took the deposition of Debra Persinger, and obtained admissions of language discrimination [quoted above].

43. Mr. Franck is a graduate of Georgetown University School of Law, [JD, 1985], and has been a member of the California State Bar since 1986 [SBN 123476]. Mir. Franck also holds a Masters of Arts in Economics from Georgetown University [1985], and a Bachelors of Arts in in Political Economy [Honors] from UC Berkeley [1981]. He is admitted practice in all state and federal courts in the State of California, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court.

44. Mr. Franck has a 30-year career as a civil trial and appellate attorney, and has done many federal civil rights claims, and has done approximately five anti-trust cases. MR. Franck was recently-appointed by the United States District Court, Northern District of California, Judge Yvonne Gonzalez-Rogers as co-plaintiff's counsel in the class action entitled *Ferrari et al. v. Mercedes Benz,* et al., United States District Court, Northern

*Liu v. California et al..*
Complaint

District of California Case No. 175-cv-00018-YGR. That action involved claims of improper use of non-genuine Mercedes-Benz parts by a Mercedes-Benz dealer in Belmont, CA. Mr. Franck initiated the action with evidence obtained in another action, similarly to what has happened here.

45. Mr. Franck has substantial relationship in the Chinese community, dating back decades. Mr. Franck has a Chinse family, and from that family relationship created may inroads into the Chinese Community. Members of this community have entrusted their legal issues to Mr. Franck.

46. Mr. Franck has an associate attorney, Elizabeth Betowski, Esq. Ms. Betowski has been a member of the California state bar [SBN 245772] since December 2006, and is licensed to practice in all California state courts, and the Eastern, Northern, and Central Districts of California. She is a is a graduate of University of the Pacific, McGeorge School of Law, [JD, 2006], and has a Bachelor of Arts degree in History from UC Irvine, *cum laude* [2003]. She has worked at Franck & Associates for 12 years, and has handled all aspects of civil litigation, including the anti-trust cases and the Tesla Mendez cases described above.

16

## V.
## FIRST CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA'S UNRUH ACT, CIVIL CODE SECTION 51
### [As to Defendants CAMTC and Dixon only]

47. This is a first claim for relief by plaintiffs and class members for Violation of California Civil Code section 51, the Unruh Act, against defendants California Massage Therapy Council, and Mark W. Dixon.

48. Governor Gavin Newsom is not a defendant in this claim for relief.

49. The allegations of paragraphs 1-46 are incorporated herein by reference.

50. California Civil Code section 51 states in part:

"(a) This section shall be known, and may be cited, as the Unruh Civil Rights Act.

(b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

51. The conduct complained of in this claim for relief occurred within two years of the filing of this complaint.

52. Defendants violated the Unruh Act by the following conduct:

*Liu v. California et al..*
Complaint

17

53. Plaintiffs and class members are non-English speaking Chinese legally residing in the State of California, who are prohibited by an expressly-stated policy to forbid people who do not speak English or Spanish from taking the MBLEx examination, and thereby from ever becoming licensed massage therapists.

54. The irony of this English or Spanish-only attitude and policy is that in fact it was of course the Chinese who first wrote the book on massage therapy dating back to 2700 BCE. The first known Chinese text is called "The Yellow Emperor's Classic Book of Internal Medicine." Its analogous to a USA car licensing system telling a German car maker that you can't just speak German.

55. Plaintiff Liu is a lawful resident of the USA, and has up and through to the present, and continuing, been prohibited by defendant Federation of State Massage Therapy Board ["FSMTB"/ "Federation"] from taking the MBLEx in California.

56. Liu, and the other class members are prohibited from taking MBLEx because they are not English or Spanish speakers. She speaks Chinese [Mandarin], and the MBLEx is not offered in Chinese/Mandarin.

57. Liu was in fact turned away on December 22, 2015, and has since not been able to sit for, and pass, the MBLEx.

*Liu v. California et al.,*
Complaint

58. Under California State Law, there is an agency created to regulate the process of licensing massage therapist and massage therapist schools. It is called the California Massage Therapy Council ["CAMTC"]. See its website at www.camtc.org/. Its Chair is Mark W. Dixon.

59. California is a member of a federal-like organization called Federation of State Massage Therapy Boards ["The Federation"/"FSMTB"]. See www.fsmtb.org.

60. The Federation owns and operates a massage therapy license examination called the MBLEx. In California, if you want a massage therapy license in most counties (but not all, it's up to each county), you have to pass the MBLEx.

61. The MBLEx is given in English and Spanish.

62. The member states of the FSMTB [such as California] have the prerogative to ask for such accommodations. This process is seen in the example of Puerto Rico, which massage therapy board asked the FSMTB to allow a Spanish-language version of the MBLEx to be administered, which the FSMTB agreed to.

63. Chinese language test takers such as plaintiff and class members who do not speak English or Spanish are subject to actual and continuing harm and injury because this "no Chinese language exam" situation is barring them from taking the exam and passing the exam, and thus preventing them from their chosen profession of massage therapist.

19

*Liu v. California et al..*
Complaint

64. At all relevant times, neither defendant CAMTC, its Chair Mark W. Dixon, nor Governor Gavin Newsom have requested or otherwise sought permission from the FSMTB to have the MBLEx translated into Mandarin Chinese. They were able to do so, but did not.

65. Plaintiff and class members were harmed by the defendants conduct in that they are barred from taking the MBLEx and passing the exam, and thus cannot become licensed massage therapists, thereby preventing them from entering their chosen profession of massage therapist.

66. The conduct of defendants was a significant factor in causing plaintiff and class members actual damages: delay in becoming a licensed massage therapist; loss of earnings potential; loss of right to choose own profession; loss of right to remain free of language discrimination. These damages are in an amount according to proof, but estimated to be in excess of $75,000 per plaintiff/class member.

67. Plaintiff and class membered also request all statutory damages as allowed under the Unruh Act, Civil Code Section 52, which states in part:
   "(a) Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by

20

the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

(b) Whoever denies the right provided by Section 51.7 or 51.9, or aids, incites, or conspires in that denial, is liable for each and every offense for the actual damages suffered by any person denied that right and, in addition, the following:

(1) An amount to be determined by a jury, or a court sitting without a jury, for exemplary damages.

(2) A civil penalty of twenty-five thousand dollars ($25,000) to be awarded to the person denied the right provided by Section 51.7 in any action brought by the person denied the right, or by the Attorney General, a district attorney, or a city attorney. An action for that penalty brought pursuant to Section 51.7 shall be commenced within three years of the alleged practice.

(3) Attorney's fees as may be determined by the court.

*** 

(h) For the purposes of this section, "actual damages" means special and general damages. This subdivision is declaratory of existing law.

(i) Subdivisions (b) to (f), inclusive, shall not be waived by contract except as provided in Section 51.7."

68. Plaintiff claims that defendants conduct was willful and intentional, and thus the higher civil penalty of $4000 per plaintiff/claimant and per incident should apply. In the alternative if the conduct isn't found to be intentional and willful it still constitutes a form of prohibited discrimination and should be subject to the $1500 per Plaintiff/claimants per incident.

*Liu v. California et al..*
Complaint

69. In the alternative, exemplary damages in an amount to be determined by the Court.

70. Plaintiff and class members will be irreparably harm unless and until injunctive relief barring defendants from further acts of language discrimination in the State of California, and requests all available injunctive relief including an affirmative injunction requiring the CAMTC and/or its Director Mark Dixon, and/or the state of California by and through its governor, defendant Gavin Newsom, to request to the FSMTB that the MBLEx be given in Mandarin Chinese in the State of California.

71. Injunctive relief should be allowed here because the violation is clear and obvious, and the damages caused will be subject to dispute and proof on would be careers that can be calculated based on market data, but will be challenged and made difficult to bring forward, rendering money judgments ineffectual. Injunctive relief should also issue here to be in compliance with the official policy of the State of California to prohibit language discrimination, as is shown in the express language of the Unruh Act, quoted above.

72. Plaintiff and class members request attorneys fees for bringing this action, in an amount according to proof.

73. Plaintiff and class members request such other further equitable relief as is available under the Unruh Act, and pursuant to the Court's inherent equitable powers.

WHEREFORE Plaintiffs Pray for relief as set forth below in the Prayer for Relief.

22

*Liu v. California et al..*
Complaint

# VI.
## SECOND CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA'S BUSINESS AND PROFESSIONS CODE SECTION 17200
### [As to Defendants CAMTC and Dixon only]

74. This is a second claim for relief by plaintiffs and class members for Violation of California Business & Professions Code section 17200, against defendants California Massage Therapy Council and Mark W. Dixon.

75. Defendant Gavin Newsom is not a defendant in this claim for relief.

76. The allegations of paragraphs 1-73 are incorporated herein by reference.

77. California Business and Professions Code section 17200 states:

"As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

78. The conduct of defendants took place within 4 years of the filing of this complaint. See Business & Professions Code section 17208.

79. The conduct of defendants is unlawful and unfair in violation of Business & Professions Code section 17200.

23

*Liu v. California et al..*
Complaint

80. The conduct described above as violating the Unruh Act is illegal under Business & Professions Code section 17200. It is illegal under the Unruh Act's express prohibition of language discrimination, Unruh Act Civil Code Section 51(b), and as described in the above first claim for relief. Defendants conduct further violates the Federal Civil Rights Act, 42 U.S.C. Section 1983, by constituting conduct under color of state law that has intentionally deprived plaintiff and class members of rights afforded under the United States Constitution, in particular the 14th Amendment due process right allowing all Americans a fundamental right to choose an occupation and profession, and 14th Amendment equal protections clause violation based on language discrimination. Defendants conduct was done with the intent to exclude Chinese language speaking massage therapists from licensure, which constitutes an illegal restraint of trade under Section 1 of the Sherman Act and Cal. Business and Professions Code Section 16720 and as further specified in the below stated 5 and 6th claims for relief for unlawful restraint of trade, which are incorporated and referenced herein.

81. The conduct in excluding non-English/non-Spanish speaking Chinese persons from their occupation as licensed massage therapist is grossly unfair. It is reminiscent of earl pioneer California statutes prohibiting Chinese from working for any government agency. The conduct excluded them from the market. If you cannot take and pass the MBLEx, you are thus excluded from the market.

82. At all relevant times, neither defendant CAMTC, its Chair Mark W. Dixon, nor Governor Gavin Newsom have requested or otherwise sought permission from the FSMTB to have the MBLEx translated into Mandarin Chinese. They were able to do so, but did not.

24

*Liu v. California et al..*
Complaint

83. The conduct of defendants was a significant factor in causing plaintiff and class members actual damages: delay in becoming a licensed massage therapist; loss of earnings potential; loss of right to choose own profession; loss of right to remain free of language discrimination. These damages are in an amount according to proof, but in excess of $75,000 per plaintiff/class member.

84. Plaintiff will be irreparably harm unless and until injunctive relief barring defendants from further acts of language discrimination in the State of California, and requests all available injunctive relief including an affirmative injunction requiring the CAMTC and/or its Director Mark Dixon, and/or the state of California by and through its governor, defendant Gavin Newsom, to request to the FSMTB that the MBLEx be given in Mandarin Chinese in the State of California.

85. Injunctive relief should be allowed here because the violation is clear and obvious, and the damages caused will be subject to dispute and proof on would be careers that can be calculated based on market data, but will be challenged and made difficult to bring forward, rendering money judgments ineffectual. Injunctive relief should also issue here to be in compliance with the official policy of the State of California to prohibit language discrimination, as is shown in the express language of the Unruh Act, quoted above.

86. Plaintiff requests attorneys fees for bringing this action, in an amount according to proof.

87. Plaintiff requests such other further equitable relief as is available under Business & Professions Code section 17200, and pursuant to the Court's inherent equitable powers.

25

*Liu v. California et al..*
Complaint

88. Plaintiff and class members request equitable remedies of disgorgement of profits; restitution; an accounting; and other equitable relief as available.

Wherefore, Plaintiff and class members pray for relief as set forth below.

## VII.
## THIRD CLAIM FOR VIOLATION OF FEDERAL CIVIL RIGHTS ACT, 42 U.S.C SECTION 1983, BASED ON THE VIOLATION OF THE EQUAL PROTECTION CLAUSE OF FOURTEENTH AMENDMENT
### [Against Defendants CAMTC, Dixon, and Newsom]

89. This is a third claim for relief for Violation of the Federal Civil Rights Act, 42 USC section 1983, based on violation of the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment against defendants California Massage Therapy Council, Mark W. Dixon, and Gavin Newsom.

90. Defendant Gavin Newsom is sued herein pursuant to the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908). No form of monetary judgment is requested as to Gavin Newsom, because of US Constitution's 11th Amendment State Sovereign Immunity Clause. Our sole relief as to Gavin Newsom is that he be given an affirmative injunction requiring him to send a request to the Federation to have the MBLEX examination offered in the Mandarin Chinese language, or such other injunctive relief as this court deems just and appropriate. Governor Newsom is a defendant in the Third Claim for Relief of Violation of the Federal Civil Rights Act.

91. The allegations of paragraphs 1-88 are incorporated herein.

26

*Liu v. California et al..*
Complaint

92. Defendants are sued herein specifically for:

A. Violation of 14th Amendment, due process clause, for this continuing and ongoing language discrimination, and thereby depriving claimants of their due process rights to enter and occupy the profession of their choice.

B. Violation of the 14th Amendment, equal protection clause, for discriminating against the class of non-English/non-Spanish speaking Chinese in the massage therapy license examination process.

93. The conduct of defendants occurred within two years of the filing of this complaint.

94. The violation of the claimants' constitutional rights was done under color of state law, as CALIFORNIA MASSAGE THERAPY COUNCIL ["CAMTC"] has a custom and policy of discriminating against non-English-speaking Chinese massage therapist license test takers and would-be test takers, with the intent of excluding them from the massage therapist licensed profession in the State of California. The CAMTC was at all times acting under color of state law as it is expressly empowered by California State law to oversee the massage license process in the state of California, including such governmental powers as approving massage therapy schools, approving massage therapy license requirements, and requiring (for some counties) that massage therapists pass the MBLEX exam.

95. The violation of the claimants' constitutional rights was done under color of state law, as the FSMTB's Executive Director has stated that only if and until the State of California, or other member state, requests, will it offer a Chinese language version. California, by and through its Governor, Gavin Newsom, and/or the California Massage Therapy Council, and/or the Chair of the CAMTC, Mark W Dixon, is hereby requested to make that request to the Federation, and will seek injunctive relief requiring it to do so if this request is not complied with.

96. Defendant Mark W. Dixon is the Chairperson of the CAMTC. He was at all times acting under color of state law and was also expressly empowered by California State law to oversee the massage license process in the state of California, including such governmental powers as approving massage therapy schools, approving massage therapy license requirements, and requiring (for some counties) that massage therapists pass the MBLEX exam.

97. Defendants violated plaintiffs' and class representatives' rights under the Equal Protection and Due Process clauses of the 14th Amendment, United States Constitution.

98. The policies and conduct that led to these events were done at the CAMTC's executive offices in Sacramento, CA.

99. Under California State Law, there is an agency created to regulate the process of licensing massage therapist and massage therapist schools. It is called the California Massage Therapy Council ["CAMTC"]. See its website at www.camtc.org/. Its Chair is Mark W. Dixon.

28

*Liu v. California et al..*
Complaint

100.     California is a member of a federal-like organization called Federation of State
Massage Therapy Boards ["The Federation"/"FSMTB"]. See www.fsmtb.org.

101.     The Federation owns and operates a massage therapy license examination called
the MBLEx. In California, if you want a massage therapy license in most counties (but
not all, it's up to each county), you have to pass the MBLEx.

102.     The MBLEx is given in English and Spanish.

103.     Chinese-language MBLEx test takers such as plaintiff and class members who do
not speak English or Spanish are subject to actual and continuing harm and injury
because this "no Chinese language exam" situation is barring them from taking the exam
and passing the exam, and thus preventing them from their chosen profession of massage
therapist.

104.     At all relevant times, neither defendant CAMTC, its Chair Mark W. Dixon, nor
Governor Gavin Newsom have requested or otherwise sought permission from the
FSMTB to have the MBLEx translated into Mandarin Chinese. They were able to do so,
but did not.

105.     The State of California, by and through the California Massage Therapy Council
was at all relevant times in a position to ask the FSMTB to provide a Chinese language
version of the MBLEx to applicants who wished to take the exam in that language. The
member states of the FSMTB [such as California] have the prerogative to ask for such

29

Liu v. California et al.
Complaint

accommodations. This process is seen in the example of Puerto Rico, which massage

therapy board asked the FSMTB to allow a Spanish-language version of the MBLEx to

be administered, which the FSMTB agreed to.

106.     The member states of the FSMTB [such as California] have the prerogative to ask

for such accommodations. This process is seen in the example of Puerto Rico, which

massage therapy board asked the FSMTB to allow a Spanish-language version of the

MBLEx to be administered, which the FSMTB agreed to.

107.     Liu, and the other class members are prohibited from taking MBLEx because they

are not English or Spanish speakers. She speaks Chinese [Mandarin], and the MBLEx is

not offered in Chinese/Mandarin.

108.     Liu was in fact turned away on December 22, 2015, and has since not been able to

sit for, and pass, the MBLEx.

109.     Defendants, while acting under color of legal authority, intentionally and willfully

violated plaintiffs federally protected civil rights, and in particular the equal protections

clause of the 14th Amendment to the United States Constitution; and the due process

clause also of the 14th Amendment, by defendant's conduct in designing, implementing,

and operating the testing of individuals for massage therapy licenses to people who can

read and understand English or Spanish only. Plaintiff and class members are Chinese,

and do not speak, read, or write English or Spanish. Defendant's conduct is to insist on an

30

Complaint

English or Spanish test version only, and to prohibit attempts by plaintiff and class members to take and pass the MBLEx.

110.    The conduct of defendants was a significant factor in causing plaintiff and class members actual damages: delay in becoming a licensed massage therapist; loss of earnings potential; loss of right to choose own profession; loss of right to remain free of language discrimination. These damages are in an amount according to proof, but in excess of $75,000 per plaintiff/claimant.

111.    Plaintiff will be irreparably harm unless and until injunctive relief barring defendants from further acts of language discrimination in the State of California, and requests all available injunctive relief including an affirmative injunction requiring the CAMTC and/or its Director Mark Dixon, and/or the state of California by and through its governor, defendant Gavin Newsom, to request to the FSMTB that the MBLEx be given in Mandarin Chinese in the State of California.

112.    Injunctive relief should be allowed here because the violation is clear and obvious, and the damages caused will be subject to dispute and proof on would be careers that can be calculated based on market data, but will be challenged and made difficult to bring forward, rendering money judgments ineffectual. Injunctive relief should also issue here to be in compliance with the official policy of the State of California to prohibit language discrimination, as is shown in the express language of the Unruh Act, quoted above.

31

*Liu v. California et al..*
Complaint

113.    Plaintiff requests such other further equitable relief as is available under the

Federal Civil Rights Act, and pursuant to the Court's inherent equitable powers.

114.    Plaintiffs and class members request attorney's fees pursuant to the Federal Civil

Rights Act, 42 USC section 1988 in an amount according to proof.

115.    Plaintiffs and class members request exemplary damages as against both the

CAMTC and Dixon in an amount according to proof based on defendants' willful,

oppressive and fraudulent conduct as described in this cross complaint.

Wherefore, Plaintiff and class members pray for relief as set forth below.

## VIII.
## FOURTH CLAIM FOR RELIEF FOR VIOLATION OF SECTION 1 OF THE SHERMAN ANTI-TRUST ACT, 15 U.S.C. SECTION 1
### [Against Defendants CAMTC and Dixon only]

116.    This is a fourth claim for relief by cross claimants for Violation of Section 1 of

the Sherman Anti-Trust Act, 15 USC section 1, against defendants California Massage

Therapy Council and Mark W. Dixon.

117.    Defendant Gavin Newsom is not a defendant in this claim for relief.

118.    The allegations of paragraphs 1-115 are incorporated herein by reference.

32

*Liu v. California et al..*
Complaint

119.     The conduct complained of occurred within four years of the filing of the

complaint. See 15 USC section 15b.


120.     Defendants' conduct constitutes a contract, combination, or conspiracy in restraint

of trade, in violation of Section 1 of the Sherman Act, 15 USC Section 1, which provides:

"Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint

of trade or commerce among the several States, or with foreign nations, is declared to be

illegal. Every person who shall make any contract or engage in any combination or

conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on

conviction thereof, shall be punished by fine not exceeding $100,000,000 if a

corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10

years, or by both said punishments, in the discretion of the court."


121.     The policies and conduct that led to these events were done at defendant's

executive offices in Sacramento, California.


122.     California is a member of a federal-like organization called Federation of State

Massage Therapy Boards ["FSMTB"/"The Federation"]. See www.fsmtb.org.


123.     The Federation owns and operates a massage therapy license examination called

the MBLEX. In California, if you want a massage therapy license in most counties (but

not all, it's up to each county), you have to pass the MBLEx.


33

124.      The MBLEx is given in English and Spanish

125.      The FSMTB is a collection of 45 state and territorial agencies empowered by state law to regulate and license massage therapists in each member state, and have come together as a formalized contract, combination or conspiracy in the form of defendant company, the Federation of State Massage Therapy Boards.

126.      The FSMTB's members are conspiring by their non-English test preparation rules to keep Chinese-speaking and other non-English-speaking Asian persons from the business of massage therapy. The restraint on trade involves thousands and thousands of individuals at a local level, as Los Angeles has a vibrant community of Chinese, Vietnamese and other Asians who legally reside and work in the area, but also commonly do not speak English.

127.      The stated purpose behind the "no Chinese language MBLEx" is in fact a false statement, a pretextual statement hiding the true and real reason of market exclusion of Chinese people from the lucrative profession and occupation of licensed massage therapist in the state of California. For this reason, this complaint asserts anti-trust claims.

34

128.    Liu, and the other class members are prohibited from taking MBLEx because they are not English or Spanish speakers. They speak Chinese [Mandarin], and the MBLEx is not offered in Chinese/Mandarin.

129.    Liu was in fact turned away on December 22, 2015, and has since not been able to sit for, and pass, the MBLEx.

130.    By enforcing a program that the test be in English or Spanish only; and that the test cannot be viewed prior to the actual test taking, defendants have formed a contract, combination or conspiracy and committed the acts complained of pursuant to its contracts, combination and conspiracy in restraint of trade, in violation of Section 1 of the Sherman Act, 15 USC Section 1.

131.    The member states of the FSMTB [such as California] have the prerogative to ask for such accommodations. This process is seen in the example of Puerto Rico, which massage therapy board asked the FSMTB to allow a Spanish-language version of the MBLEx to be administered, which the FSMTB agreed to.

132.    The State of California, by and through the California Massage Therapy Council was at all relevant times in a position to ask the FSMTB to provide a Chinese language version of the MBLEx to applicants who wished to take the exam in that language. The member states of the FSMTB [such as California] have the prerogative to ask for such accommodations. This process is seen in the example of Puerto Rico, which massage

*Liu v. California et al.*.
Complaint

therapy board asked the FSMTB to allow a Spanish-language version of the MBLEx to be administered, which the FSMTB agreed to.

133.     At all relevant times, neither defendant CAMTC, its Chair Mark W. Dixon, nor Governor Gavin Newsom have requested or otherwise sought permission from the FSMTB to have the MBLEx translated into Mandarin Chinese. They were able to do so, but did not.

134.     The amount of commerce impacted by this conspiracy is substantial. The allegations above regarding numerosity in the class action allegations (Section IV above) are incorporated and referenced herein, and show a substantial number of Chinese language test takers trying to take the exams, and a much larger group of Chinese language people who haven't attempted to take the test.

135.     The relevant market is licensed massage therapy services in the state of California.

136.     Defendants' conspiracy to restrain trade damages competition in that non-English or Spanish-speaking Asians and others are effectively barred from obtaining massage therapy licenses, and are thereby barred from massage therapy employment.

137.     These non-English speaking Asians are well-known for providing excellent massage therapy services at a discounted price. Defendants seek to avoid this price

36

*Liu v. California et al.*.
Complaint

discount by excluding non-English speaking Asians from the market, to avoid this price competition.

138.    The defendant's conduct crosses state lines, and uses the instrumentalities of interstate commerce in that:

   a.   Defendant CAMTC is part of the FSMTB, which is a collection of over 40 massage therapy boards from various states.

   b.   The FSMTB's mission statement explains that it has a mission to regulate the massage therapy test-taking process on a national level.

   c.   Defendants' conduct in this action involves individuals located in Sacramento, California, and in Overland Park, Kansas, who have created a restraint of trade in California, thereby involving interstate conduct.

   d.   The non-English speaking Asians are themselves often a travelling group of persons. Defendant's restraint of trade in obtaining massage therapy licenses prohibits the non-English-speaking Asians from seeking and obtaining licenses throughout the United States.

139.The Agency is comprise of Bboard Members, some of whom are in the business themselves of providing licensed massage therapy services. For example:

   a.   Chair Mark Dixon "was appointed by the American Massage Therapy Association, California Chapter, in 2010. Mr. Dixon is a CAMTC Certified Massage Therapist with a private practice in Newport Beach.

37

*Liu v. California et al..*
Complaint

b. Michael Marylander, "was appointed by the CAMTC Board to represent a Massage Business Entity. Mr. Marylander owns The Massage Place, a chain of massage therapy clinics."

c. Board Member Dixie Wall, "was appointed by the American Massage Council. Ms. Wall is a Licensed Acupuncturist and CAMTC Certified Massage Therapist with a private practice in Southern California.

See CAMTC website at https://www.camtc.org/information-about-camtc/board-of-directors/."

140. We point these facts out in light of recent published news reports of a letter by Mr. Makan Delrahim, head of the Anti-Trust Division, United States Department of Justice, written to the CEO of the Academy of Motion Picture Arts and Sciences, Dawn Hudson:

"'In the event that the Academy — an association that includes multiple competitors in its membership — establishes certain eligibility requirements for the Oscars that eliminate competition without procompetitive justification, such conduct may raise antitrust concerns,'"

See https://www.msn.com/en-us/movies/oscars/justice-department-warns-academy-over-potential-oscar-rule-changes-threatening-netflix-exclusive/ar-BBVxPhC.

141. The Academy Awards example is on point here, because the members of the CAMTC's Board of Directors are also in the business, and thus are direct competitors to plaintiff and class members.

38

142. The conduct of defendants was a significant factor in causing plaintiff and class members actual damages: delay in becoming a licensed massage therapist; loss of earnings potential; loss of right to choose own profession; loss of right to remain free of language discrimination. These damages are in an amount according to proof, but in excess of $75,000 per plaintiff/class member.

143. Plaintiff will be irreparably harm unless and until injunctive relief barring defendants from further acts of language discrimination in the State of California, and requests all available injunctive relief including an affirmative injunction requiring the CAMTC and/or its Director Mark Dixon, and/or the state of California by and through its governor, defendant Gavin Newsom, to request to the FSMTB that the MBLEx be given in Mandarin Chinese in the State of California.

144. Injunctive relief should be allowed here because the violation is clear and obvious, and the damages caused will be subject to dispute and proof on would be careers that can be calculated based on market data, but will be challenged and made difficult to bring forward, rendering money judgments ineffectual. Injunctive relief should also issue here to be in compliance with the official policy of the State of California to prohibit language discrimination, as is shown in the express language of the Unruh Act, quoted above.

145. Plaintiff requests such other further equitable relief as is available under the Sherman Act, and pursuant to the Court's inherent equitable powers.

*Liu v. California et al..*
Complaint

146. Plaintiffs and class members seek damages and treble damages, in an amount according to proof at the time of trial, pursuant to 15 USC section 15.

147. Plaintiffs and class members seek attorney's fees in an amount according to proof at the time of trial or thereafter, pursuant to 15 USC section 15.

## IX.
### FIFTH CLAIM FOR RELIEF FOR VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 16720
### [Against Defendants CAMTC and Dixon]

148. This is a fifth claim for relief by plaintiffs for Violation of Business & Professions Code section 16720, against defendants California Massage Therapy Council and Mark W. Dixon.

149. Governor Gavin Newsom is not a defendant in this claim for relief.

150. The allegations of paragraphs 1-147 are incorporated herein by reference.

151. The allegations in the fourth claim for relief, are incorporated herein, and are referenced herein as simultaneously constituting a violation of California's Cartwright Act, Business & Professions Code section 16720, which provides in part: "A trust is a combination of capital, skill or acts by two or more persons for any of the following purposes:

(a) To create or carry out restrictions in trade or commerce."

40

*Liu v. California et al..*
Complaint

152. The conduct complained of occurred within four years of the filing of the complaint. See Business & Professions Code section 16750.1.

153. The conduct of defendants was a significant factor in causing plaintiff and class members actual damages: delay in becoming a licensed massage therapist; loss of earnings potential; loss of right to choose own profession; loss of right to remain free of language discrimination. These damages are in an amount according to proof, but in excess of $75,000.

154. Plaintiff and class members also request all available equitable remedies, including injunctive relief including an affirmative injunction requiring the CAMTC and/or its Director Mark Dixon, and/or the state of California by and through its governor, defendant Gavin Newsom, to request to the FSMTB that the MBLEx be given in Mandarin Chinese in the State of California; or such other injunctive relief as the court deems just and appropriate.

155. Plaintiff and class members will and continues to suffer irreparable harm from the above described conduct, which if permitted to continue will leave Plaintiff without an adequate remedy at law. The conduct, if allowed to continue, will also tend to make a judgment ineffectual.

156. Plaintiff will be irreparably harm unless and until injunctive relief barring defendants from further acts of language discrimination in the State of California, and requests all available injunctive relief including an affirmative injunction requiring the

41

*Liu v. California et al..*
Complaint

CAMTC and/or its Director Mark Dixon, and/or the state of California by and through its governor, defendant Gavin Newsom, to request to the FSMTB that the MBLEx be given in Mandarin Chinese in the State of California.

157. Injunctive relief should be allowed here because the violation is clear and obvious, and the damages caused will be subject to dispute and proof on would be careers that can be calculated based on market data, but will be challenged and made difficult to bring forward, rendering money judgments ineffectual. Injunctive relief should also issue here to be in compliance with the official policy of the State of California to prohibit language discrimination, as is shown in the express language of the Unruh Act, quoted above.

158. Plaintiff requests such other further equitable relief as is available under the Cartwright Act, and pursuant to the Court's inherent equitable powers.

159. Plaintiff has had to retain an attorney for this action and further requests attorney's fees according to Business and Professions Code Section 16720 [prohibiting tying agreements] in an amount according to proof.

160. Treble damages are available under B&P code section 16760, which is applicable to B&P Code section 16720, and B&P Code section 17082.

WHEREFORE, Plaintiff Prays for Relief as set forth below

42

*Liu v. California et al.*.
Complaint

## X.
## PRAYER FOR RELIEF

WHEREFORE PLAINTIFF prays for relief as follows:

1. For compensatory and consequential damages as to each claim for relief allowing damages, as described above, in an amount according to proof.

2. For prejudgment interest in an amount according to proof.

3. As to the First Claim for Relief, plaintiff and class members seek:

   a. actual damages: delay in becoming a licensed massage therapist; loss of earnings potential; loss of right to choose own profession; loss of right to remain free of language discrimination. These damages are in an amount according to proof, but in excess of $75,000 per plaintiff/claimant.

   b. statutory damages as allowed under the Unruh Act, Civil Code Section 52

   c. injunctive relief including an affirmative injunction requiring the CAMTC and/or its Director Mark W. Dixon, and/or the state of California by and through its governor, defendant Gavin Newsom, to request to the FSMTB that the MBLEx be given in Mandarin Chinese in the State of California.

   d. attorneys fees for bringing this action, in an amount according to proof;

   e. other further equitable relief as is available under the Unruh Act;

   f. Exemplary damages

4. As to the Second Claim for Relief, plaintiff and class members seek:

   a. actual damages: delay in becoming a licensed massage therapist; loss of earnings potential; loss of right to choose own profession; loss of right to remain free of language discrimination. These damages are in an amount according to proof, but in excess of $75,000 per plaintiff/claimant.

43

*Liu v. California et al..*
Complaint

b.   all available equitable remedies under Business & Professions Code section 17200, including injunctive relief including an affirmative injunction requiring the CAMTC and/or its Director Mark W. Dixon, and/or the state of California by and through its governor, defendant Gavin Newsom, to request to the FSMTB that the MBLEx be given in Mandarin Chinese in the State of California.

c.   equitable remedies of disgorgement of profits; restitution; an accounting; and other equitable relief as available.

d.   attorneys fees for bringing this action, in an amount according to proof;

5.   As to the Third Claim for Relief, plaintiff and class members seek:

a.   actual damages: delay in becoming a licensed massage therapist; loss of earnings potential; loss of right to choose own profession; loss of right to remain free of language discrimination. These damages are in an amount according to proof, but in excess of $75,000 per plaintiff/class member.

b.   all available equitable remedies, including injunctive relief including an affirmative injunction requiring the CAMTC and/or its Director Mark W. Dixon, and/or the state of California by and through its governor, defendant Gavin Newsom, to request to the FSMTB that the MBLEx be given in Mandarin Chinese in the State of California.

c.   attorney's fees pursuant to the Federal Civil Rights Act, in an amount according to proof.

d.   exemplary damages in an amount according to proof based on defendant's willful, oppressive and fraudulent conduct as described in this cross complaint.

6.   As to the Fourth Claim for Relief, plaintiff and class members seek:

a.   actual damages: delay in becoming a licensed massage therapist; loss of earnings potential; loss of right to choose own profession; loss of right to remain free of language discrimination. These damages are in an amount according to proof, but in excess of $75,000 per plaintiff/class member.

44

*Liu v. California et al..*
Complaint

b. all available equitable remedies, including injunctive relief including an affirmative injunction requiring the CAMTC and/or its Director Mark W. Dixon, and/or the state of California by and through its governor, defendant Gavin Newsom, to request to the FSMTB that the MBLEx be given in Mandarin Chinese in the State of California.

c. treble damages, in an amount according to proof at the time of trial, pursuant to 15 USC section 15.

d. attorney's fees in an amount according to proof at the time of trial or thereafter, pursuant to 15 USC section 15.

7. As to the Fifth Claim for Relief, plaintiff and class members seek:

a. actual damages: delay in becoming a licensed massage therapist; loss of earnings potential; loss of right to choose own profession; loss of right to remain free of language discrimination. These damages are in an amount according to proof, but in excess of $75,000 per plaintiff/class member.

b. all available equitable remedies, including injunctive relief including an affirmative injunction requiring the CAMTC and/or its Director Mark W. Dixon, and/or the state of California by and through its governor, defendant Gavin Newsom, to request to the FSMTB that the MBLEx be given in Mandarin Chinese in the State of California.

c. treble damages, in an amount according to proof pursuant to Business & Professions Code section 16760.

d. attorneys fees, in an amount according to proof at the time of trial or thereafter

8. For costs of suit.

9. For such other relief as the Court deems just and appropriate.

45

*Liu v. California et al.*.
Complaint

Respectfully submitted,

//s// Herman Franck

Date: April 11, 2019

Herman Franck, Esq.
Franck & Associates
Attorney for Plaintiff
Baoyu Liu

46

*Liu v. California et al..*
Complaint

**JURY DEMAND**

PLAINTIFF and class members demand a trial by jury as to all claims for relief triable before a jury.

Respectfully submitted,

//s// Herman Franck                                    Date: April 11, 2019

Herman Franck, Esq.
Franck & Associates
Attorney for Plaintiffs
Baoyu Liu

47

*Liu v. California et al..*
Complaint